Good morning, Your Honors, and may it please the Court, I'm Susan Watson with Texas Rio Grande Legal Aid here today on behalf of the appellants, Deepak Budhathoki, Clasmy Canales-Gonzalez, and Catherine Dorcios-Perez. Under the Administrative Procedures Act, a court must set aside a final agency decision if the agency acts outside its scope of authority, makes decisions that are not in accordance with law, or if the decision is arbitrary. Here the U.S. Citizenship and Immigration Service did all three. Without authority, it substituted its own jurisdictional determinations over that of state courts. It misapplied Texas law by ignoring parts of the Family Code and impermissibly importing irrelevant bits and pieces from other state statutes. And finally, it acknowledges Texas courts sitting in suits affecting the parent-child relationship under Title V of the Texas Family Code in cases where the child has reached the age of 18, as juvenile courts in some cases, but not in these cases. Has anyone had custody of them since they reached 18? I'm sorry, Your Honor? Has anyone had custody of these former juveniles that are now over 18? I believe two of them continue to reside with a parent and one resides with an older sibling. Do they still receive welfare payments? They're not eligible for welfare payments. They only receive child support under the court orders. But they do receive child support even though they're not children? Yeah, they are children under the Family Code, Your Honor. And they are eligible for child support until they're, I believe, pardon me? What's the cutoff? Over 18, under 21, what is the? The Family Code does not have an upper limit on the definition of a child so long as that child remains in a program leading to a secondary degree, a high school, is still in high school in essence, or is disabled. Are they still in high school? One has completed, and so she is no longer a child, and I believe one is still in school. But at the time of the filing, they were all children under the Texas Family Code, and that's the time of the filing of the SIJ petition is dispositive. Excuse me, what the USCIS was concerned about is not trying to figure out, or not trying to redefine what the state court was doing, but trying to figure out how it applied under the relevant immigration statutes. And what is required is that the person be declared dependent. And I don't know what that means. It's not defined. We all know what that means. We might not be here. So I don't see anything untoward, unless you can convince me otherwise, about federal officials trying to figure out how does what the state did fit within what's required by the federal statute. They may have done it wrong, but nonetheless, that is their obligation. And what I guess all three orders say, even assuming without deciding that these three Travis County orders, that that court had the authority to issue the order affecting your rights as an adult, as defined by state law, whatever that means, USCIS finds insufficient evidence to conclude that it was issued by a juvenile court making care and custody determinations of a juvenile. My best understanding of how to make that apply to the statute is they are not sure it was a dependency declaration that would be relevant under the controlling authority they had to operate under. So give me your what makes this a dependency declaration, or does it not need to be? I appreciate the question, Your Honor, and I'll try to unpack it as concisely as I can. Well, it wasn't a concise question, so do the best you can. I will try. As an initial matter, we disagree that a lack of a dependency or a declaration of dependency formed a basis for the agency's decision. The passage that Your Honor just read clearly says they were adults, not children, so it's not a juvenile court. Well, they went beyond that. They said we want to make sure you tell us why it was issued by a juvenile court making a care and custody determination of a juvenile. You have made an effort already this morning to tell us why that's the case, and that's what USCIS was asking for, and we still have to decide whether you're right, but that's what it seems to me they're asking for. Part two of my unpacking would be that that statement by USCIS is slightly inconsistent with what the statute itself requires. The statute does not require a juvenile court to actually make both custody and care decisions. It must have the authority to do so. And if it does not make a custody decision, as in these cases, the child must be declared dependent on the court in accordance with state law governing dependency. And as Your Honor rightly noted, that term is not defined by a federal law. Congress left that expressly to be defined under state law. The Texas Family Code does not define dependency or provide for any type of dependency proceeding. So as we all well know, when a term is undefined, and in this respect we agree with the Department of Homeland Security, you look to the common usage of the word, as they argued before the Ninth Circuit, on this very same term, a dependent child. And that means needing support from someone else. And under Texas law, under the Family Code, when a court acting under Title V, a suit affecting the parent-child relationship, renders final orders, that court acquires continuing exclusive jurisdiction over all of those SAPS or matters. No other court has the authority to in any way alter, amend. So that child becomes dependent on the court to ensure the enforcement or any modification or termination of any and all orders contained in that final SAPS or order. And the Texas courts agree, as reflected in the documents we have provided and sought judicial notice for, that that is how they understand dependency in Texas. And once they have made that decision, it is not to USCIS to disturb it. It is a matter entirely of state law. We would also point out that a full review of the record would indicate and support our understanding of the basis of their denial not to include a declaration of dependency. It's that the agency never questioned or doubted whether a declaration of dependency existed during the application process. While it is true that USCIS, at its discretion, can issue a request for evidence, for additional evidence, if there is a part of a petitioner's application that they find wanting or unclear or insufficient. But once they exercise that discretion to issue a request for evidence, the agency's own policy requires it to include all points for which it finds lacking or insufficient. They issue the same exact RFE to all three appellants. And none of those say, we don't see that you've been declared dependent on a court. Explain to us how this order that you've provided constitutes a declaration of dependency. They never question that. And so it cannot form a basis of their denial. So is that what you contend is missing from the analysis? I'm sorry, Your Honor? Is that what you contend specifically as a portion of the record that was missing from the analysis? That's a primary part of the record. We think that the court, district court, erred by not considering parts of the record that were already before it. But it's not, it's nothing apparently that's in existence, right? You're saying they didn't make this proclamation or this declaration or this explanation. But the RFEs are in existence as well as each appellant's response to those RFEs, the request for evidence from the agency during the application process. So what's missing? They were never included to, they were never presented to the district court, and the district court never considered them. Never put in the record? In the district court proceedings? I don't believe so, Your Honor. I wasn't involved below, but I don't believe that they were. Were they not in there because somebody asked for them and there was a determination not to? Or were they not in there because of an omission by whoever the proponent was who had the burden? I don't mean to be evasive, but I'm not entirely sure. I don't recall seeing anything in the record below that would constitute a refusal to enter them into the record. My best guess is that it was never, they were never presented to the court. But the court's also under an obligation on APA to ask for the record. Yeah, that's true, but as a general proposition, the court's not under an obligation to make the record or produce it or otherwise discern what ought to be in there, et cetera, et cetera, et cetera. So if part of the argument is error on the part of the district court because of its failure to take note of something that nobody put in the record, sort of hard to get there unless we know why and by whom the duty to put it in there. I mean, in any other situation, if you say a party doesn't put it in, that's on them. I understand the- I'm not quibbling, which is just to say, if to say you should get relief on appeal because a decision was predicated on the absence of something, but it's not put to us why that was absent, I'm just not sure, even if we thought you were right, how you get relief. I think I would answer this way, Judge Stewart. The question of whether the Declaration of Dependency constitutes one of the bases that the agency itself considered in issuing its denial was plainly in front of the district court judge, as well as the appellant's response, highlighting the fact that they never questioned it during the course of the administrative proceeding. At a minimum, I think that remand is warranted for the court to be able to consider parts of the record that was referred to but never presented to the court, whether, again, I don't know if that rests with the agency or the appellant's counsel or the court itself, but the purpose of the APA is to ensure that the agency makes the right decision or doesn't do so in a way that is contrary to its own statute or other law. And here it is contrary to Texas law. Even if we assume that an absence of a Declaration of Dependency in USCIS's position did form a basis, that conclusion is not consistent with Texas law and therefore an error under the APA. I think further highlighting this case and the separation between the role of the state courts on the one hand and the role of the federal agency on the other shows in a way that's not typically present in most types of immigration proceedings, where the Congress has expressly relied on the various states and their district courts for their expertise and their inherent authority to determine matters of family law to make many of the underlying eligibility decisions about abuse, abandonment, or neglect. Federal law doesn't define any of those terms. Those are left to the state courts. The jurisdiction of the state courts, whether reunification with a parent is viable or whether return to a child's country of origin is in the best interest of the child, all of those decisions sound in family law. And USCIS has no authority to make those decisions or override the decisions of the state court on those substantive matters but also on the jurisdictional matters. As Judge Southwick and Judge Clement stated in a recent case out of this court, it is not for the federal agency to decide the court's jurisdiction. That is an exclusive function of the judiciary. And so the decision that USCIS concluded, which is wholly opposite from that of the state court, that the appellants are not children under the family code and that the court does not have that authority to make care and custody determinations over them as juveniles stands in stark contrast to its actions in two similarly situated cases that were made during the course of this litigation, including with respect to one of the original plaintiffs in this case. In those two cases, both of the children had reached the age of 18 when the final SAPSHA orders were issued. Those orders contained conservatorship and child support orders from the state court. USCIS nonetheless initially denied their SIJ applications on the identical grounds and language that they used in the denials to the appellant in the appellant's cases. They said that they reached the age of 18, they were adults, not children, no juvenile court. After the filing of this litigation, USCIS, on its own initiative, reopened that case and the other case out of the San Antonio division and granted their SIJ staff. Can I send your brief? Yes, ma'am. To do so, they must necessarily acknowledge that a Texas state court sitting pursuant to Title V of the Family Code meets the federal definition of a juvenile court, and that should apply. The jurisdiction holds firm. All right. All right. You have a red light, but you've reserved your rebuttal time. Thank you, Your Honor. Thank you. Mr. Nazaroff? May it please the court. Ari Nazaroff from the U.S. Department of Justice on behalf of the Attorney General and the defendants in this case. Judge Sparks correctly found that plaintiffs don't have the two things they need to prevail under the special immigration statute, a sufficient dependency or custody order by a juvenile court. The question is not even whether at the time plaintiffs were over 18 or under 18, but the issue is that there was not a declaration of determination of dependency or custody. It just does not exist. Without a dependency or custody determination, they are not eligible under the statute. Your Honor asked how old the plaintiffs are now. They are 22 to 24 years old right now. What happens if you win the appeal? What happens to them if we affirm? Well, they would not be classified as special immigration criminals. That's all. It does not affect in any way any other relief they might see as far as I know. They would continue to stay here? I believe so. I don't know what status they're under here. They will not. Removal proceedings is a different situation. I'm not aware that they will be placed in removal proceedings. But it doesn't change the fact that they don't have a declaration of dependency or custody. Counsel, what's your understanding under Texas law of what a declaration of dependency would look like? Certainly custody, we can understand that. Is there such a thing as a freestanding declaration of dependency under Texas law that one of these Travis County judges could have entered? Yes, Your Honor. I think actually my opponents have submitted it. If you look at their record excerpts, page 137, a brother of one of the plaintiffs was placed in a conservatorship. That's on page 137 of an individual. That individual has custody of that child. So that's what it looks like. None of these court orders have them. So are you saying a declaration of dependency is not a dependency upon the court? It's like a custody determination of dependency upon some other individual? That's right. Or organization. You need to be in custody. It's not enough to just sprinkle some language. Oh, they're dependent on the court and nothing more. You need something like on page 137 where an individual is set up as a managing conservator. You have to be placed in somebody's custody, an individual or an organization. State courts, just as a general matter, have been, to help plaintiffs, they've been just sprinkling the language from the IMA, and that doesn't automatically have the agency classify them as that. No sprinkling in this case, though, was there? I'm sorry, Your Honor. No sprinkling of the language in our case, I suppose. Language of dependency was not in the court. Well, that's right. It's not here. There's no sprinkling here. Some of the evidence they want you to take notice of, Your Honor, has the quote-unquote dependency, but it's not before this court because it wasn't before Judge Sparks. What you say is a plausible interpretation. How do we—what's your best evidence for us of what this federal language means, dependency, that it means what you just told us? Your Honor, I believe that's putting a child, someone who's under—Texas says if you're under 18, you're a child, a juvenile, putting into somebody's custody, as on page 137, an individual. Well, I understood. That's a very commonsensical, a commonsensical way to look at it, but I'm just wondering how do we get that interpretation from the language in the federal statute and regulations? Are you just saying that it necessarily is relying on state law? We've got to get some meaning of the federal language, and just how do you bridge this undefined language and what applies to USCIS and make it link up with the state law? What do you have as either case law or interpretive principle that allows us to do what you just told us is the right thing to do? Well, I think the way the agency looks at these orders, it shouldn't link up with the state law because the order should stand by itself. The state order shouldn't be in order to get an immigration benefit. An individual goes to the state court to get, if they're an orphan, or to get, for example, dependency orders so that they're placed in somebody's custody or an organization custody. That should be the number one aim and goal of these state orders is to do that, to remedy that situation, not to set up a situation where they now can go and get some kind of immigration classification. And that's what we have in these cases is you really don't have any kind of dependency. You have 22-year-olds, 24-year-olds trying to come under the special immigrant juvenile statute. The purpose of the state actions are almost they want to get an immigration benefit, not to get. Isn't that a basis under federal law to discount the order? If it was made for immigration purposes and not for the actual purposes under state law, I thought that was one reason to ignore the state court order, and I haven't seen that argument in your briefing, that this is a sham order of some sort. I did not. Again, Your Honor, I'm not saying this is a child support order, and that's what it is. The purpose of that order is to provide child support for these adult children. And my opponents are taking that and trying to jimmy it into the INA, and it's not working because that's not the purpose. You said a freestanding or otherwise existing child support order is not synonymous or tantamount to the requisite declaration or order of dependency slash custody by some individual or entity. That's correct, Your Honor. I can't say it for all child support orders, but the ones in this case, because the key is there's no dependency or custody, and, therefore, they don't fall within the special juvenile, special immigrant statute. So the fact that one derives child support based on some part of the statute or some other origination in and of itself doesn't satisfy the declaration of dependency, and without that, the agency was without jurisdiction. I mean, they weren't entitled to the status. I mean, cut to the nub, is that the argument? That's what was missing. They didn't have the custody order. That's correct, Your Honor, custody. Whatever else they had, that's a central and missing ingredient is what you're saying. So they can't bootstrap or otherwise urge those things they had, such as the child support piece, and satisfy this record. You either have it or not is the basis of the government position, right? That's right, Your Honor. You referred to these plaintiffs as an adult child. Isn't that sort of an oxymoron? I mean, how long does this go on if there is a declaration of dependency for a 22-year-old? When does that stop? How does it get defined? Well, under Texas law, I believe, Texas law gives jurisdiction to these courts over juveniles under 18, unless there's a special— Right, but you said adult child. Is that the words I used? Maybe I shouldn't have used that terminology, Your Honor. I apologize. But in this case, when they were all over 18 when they started this process. And when does it quit? What if they would have issued a declaration of custody? How many years does that go on? There's no age cutoff? I mean, you said high school. Most of them have graduated. They're 22 to 24. Yeah, hopefully they've graduated, or we've got a real problem. Counsel, let me take it back. Let him answer the question, please. I'm sorry, Judge. I thought he had. I'm just going to answer it really quickly. I think that the question, again, is not whether they're under 18 or over 18. Chief Judge Stewart had it right. There was no declaration of dependency or custody in this case, and that is really the key. I think if they were over 18 and there was a real declaration of dependency or if they had a special disability situation, I think we might have a different case. But we don't have that yet. I'm not talking about if someone has some intellectual challenge. I'm not talking about that. I'm talking about how does a declaration of custody or a declaration of dependency, not with a physical or mental disability, how does that keep this adult child within the system, and how long are they in the system? I mean, can you have a 35-year-old who is declared, who is issued a declaration of dependency? Well, no, because you would need a jurisdiction of a juvenile court. I don't think a 35-year-old would come under the jurisdiction of a juvenile court under any state law. Okay, but we have these 22-year-olds. Right, and so that's part of the – Judge Sparks noted that they don't come under the jurisdiction of a juvenile court because you've got 21-year-olds at the time. Yes, Your Honor. I'm sorry. Could you repeat your question? I didn't hear it. I don't remember it. I phrased it, and I apologize again, Judge Klinman. I thought I had it finished. Looking at definition section 101 of the INA, the special immigrant is somebody who has been declared dependent on a juvenile court located in the United States. Now, it seems to me the argument by the other side is, at least in part, and she can correct me on rebuttal if I'm wrong, is that this juvenile court, and it is a juvenile court in Travis County, three different ones, I'm not quite sure how many different courts were involved, had jurisdiction over these individuals at the time of the orders because even though they were over 18, they had not yet gotten their secondary education, and part of the state statutes in Texas allows this kind of ruling for support to continue until the child, regardless of what label they want to use, the person has finished secondary education. So the argument starts with this court had jurisdiction over this individual, and it was a juvenile court, all three of the individuals. And the statute doesn't talk about a declaration of dependency on a sibling or on somebody else. It says they declared dependent on a juvenile court, not by a juvenile court, on a juvenile court. Now, I don't know what that means, but it's a general statute applicable to 50 states, and what I'm trying to understand from your argument is why are you correct in linking, and I don't mean link in the sense that it's an immigration decision per se by Travis County, but how do you link this language to state statutory language to know when a state has declared, a juvenile court in the state has declared somebody dependent on that court? I'm sounding too forceful. I'm just trying to be clear in what I'm asking. Does the statute, I mean, it does say. So what do you make of the statute saying being declared dependent on a juvenile court when you're trying to say it means dependent on somebody's custody, some individual or foster care home's custody? Well, I would say that as Judge Sparks pointed out, there is no definition, declaration of dependency within Texas law. The agency, but it doesn't, you know, it's not enough to just sprinkle the word dependency and now you're good to go. I mean, the language on its face, and they have not shown that that's an error, has showed that you have to be put in somebody's custody, whether it's an organization, whether it's, and it makes sense, otherwise. The federal language? The language of the INA talks about a declaration of dependency, determination of dependency. That on its face, you have to be put into somebody's custody. They have not shown, it's not enough just to sprinkle the language. Again, Your Honor, I would also say that I believe that these individuals graduated from high school at the time they filed. Assuming the opposite thing is they gained the status properly, they would still have that status, wouldn't they? Once they're special immigrants under this status, the fact that they don't age out of that status, do they? That's correct. They would have that classification, Your Honor. It would allow them to get a green card. Right. So if they got it properly, whatever age they were, the fact they're 20 years later, that won't matter. Something else would have to change that status. Yeah, usually they would become green card holders, LPR, lawful permanent residents, and then they would become citizens from there. So 20 years later, they're U.S. citizens, theoretically, taking your theoretical, yeah. They wouldn't have that classification for long. All I'm saying is the fact they're no longer 18 or 19 or 20 and still in high school doesn't affect that if they were properly declared this at whatever age they were, the fact they're older than that now doesn't cancel that status. In your hypothetical, that would be correct. The hypothetical is that it was proper at the time. Yeah. It is obviously our position that Judge Sparks was correct and the agency was correct. Understood. We stand on our briefs if this bench has no further questions. What's your response? I mean, you may have already hit it. When Counsel Oppsitt was up last, she was urging the absence of a portion of the record that was omitted, that wasn't before Judge Sparks, et cetera, et cetera. You heard my question back, so what about that? Is there something . . . well, I know you said the declaration is missing, but from the standpoint of review of the record, whatever record, what is your position relative to the absence of some necessary ingredient? Well, I wasn't clear from that exchange how that would help the big problem in this case, which is the declaration of dependency. The RFEs were not in the record. I would also like to point out there was extensive briefing on the motion to dismiss, and my opponent didn't put the RFEs in, the request for further evidence from the agency in. There was extensive briefing before this court. They didn't put it in the record. So that was not brought up until this argument, and really all of the RFEs are asking for more evidence. The statute is clear. You need a declaration of dependency or custody. They have not provided that, so I'm not sure how that's going to really help them. Okay. There are no further questions. We rest now, please. Thank you. All right. Thank you, sir. Back to you, Ms. Watson, for rebuttal, if you desire. All right, go to the last point. You know, you heard me ask him. You said something's missing in the record. We ought to remand, he says, as I expected. If you wanted it in, you would have asked, not you personally, but somebody would have asked as an appellant. You didn't make the record, so you don't get relief, again, not you personally, saying an error was made in the determination below predicated on the absence of something that the proponents of it never put forward. So what's your rejoinder on that point? I'm glad to have this opportunity to answer that question, especially since I've had the benefit of sitting next to counsel who was involved in the proceedings below and reminds me that the request for evidence are, in fact, in the record and provided as part of the record excerpts. I can give you the page numbers at 16.51449.441 through 421. All right. I think I misspoke with that regard of the need to review the evidence. The district court simply failed to recognize. What's not in the record is the response to those requests for evidence. But on the face of the request for evidence, it demonstrates that USCIS, during the administrative process, did not question this lack of dependency and did not seek any additional information. And while I'm gratified to hear counsel for USCIS saying that the issue in this case is not whether a child is under 18 or over 18 and hope that the agency shares that representation from counsel going forward, it's at diametric odds with the language of the denial itself and I think distracts from the actual issue before the court today. Let me ask you, are we talking about, I mean, all three seem to have the same order. Maybe you're talking about a different order. The same one I read to you before in the last line, I think there's a signature on the next page. We don't see that this was an order issued by a juvenile court making care and custody determinations of a juvenile, which is pretty much what Mr. Nazaroff said. He didn't use the word dependency, but it did say it's a custody determination. Where is this child going to be? Well, that's one thing I'm pleased to have the opportunity to correct. The language of the federal statute, the one that Your Honor cited, 8 U.S.C. 1101A27J i, says that one of the eligibility requirements is that a child who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to or placed under the custody. So by the plain expressed language of the statute, dependency is not the same as custody. If it were, if it is, then that first clause of the statute becomes surplus. Well, except it says as committed to a place under the custody of an agency, Department of State, individual entity appointed by a state or juvenile court, and then goes on into reunification. It seems to me that the government may well be right on this, but with all respect to Mr. Nazaroff, I never quite understood the answer of what the first part of this means, to be declared dependent on a juvenile court. You think it, or have been arguing, it seems to me, that it means the juvenile court has done something for the benefit of this child in ordering the support payments. And in that way, there's a declaration without the word being present, I guess. I am dependent on the Travis County District Court, whatever it is, giving me an order on child support. Is that what this means? Yes, in the most briefest of responses. I would point out that the regulations specifically say that whatever this declaration of dependency is, is to be determined state by state based on the state's law. So the question is not what USCIS thinks that a declaration of dependency is. The question is, what does a Texas court think that, or what does Texas law say an order of dependency is? And there is no such animal under the Texas Family Code. So we look to the common usage of the word. And there can be no question that once a court enters its final orders, it acquires the jurisdiction. That child becomes dependent, whether it is to enforce access and possession orders, or child custody orders, or any of the terms of the SAPSR that were entered by the final court. In the 18 seconds I have left, I'd like to address Judge Clement's question about when do these orders terminate. These orders terminate naturally by law once the subject of the SAPSR is no longer a child. So once that child graduates from high school, whether it's at 19 or 20, the orders naturally terminate. State court order. Correct, Your Honor. So it doesn't terminate based on an age, but it terminates based on a status? That's correct, Your Honor. All right. Thank you, Ms. Watson. Mr. Nasrallah. What if you never graduate from high school? I'm sorry, Your Honor? What if you never graduate from high school? If they're no longer enrolled in pursuing the degree, they're no longer a child either. So even if they want to take a semester off, for example, then they lose their status as a child. Thank you, both sides, for the briefing and argument. The case will be submitted. We call up the next case, Smith.